**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| JACKSON TADDEO-WAITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-01352-O-BP |
| | § | |
| X CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On April 9, 2026, *pro se* Plaintiff Jackson Taddeo-Waite requested that the Clerk enter default against Defendant Elon Musk. ECF No. 85. Musk construed Taddeo-Waite's request as a Motion for Default Judgment and responded to it on April 16, 2026. ECF No. 88. Taddeo-Waite then filed a reply on April 21, 2026. ECF No. 89. By Order dated May 15, 2026, the Court noted that Taddeo-Waite's filing of April 9, 2026, was not a Motion for Default Judgment. ECF No. 93. But after considering Musk's arguments alleging deficiencies with Taddeo-Waite's service of process, the Court ordered Taddeo-Waite to properly serve Musk in accordance with Federal Rule of Civil Procedure 4 on or before May 29, 2026. *Id.* Taddeo-Waite did not comply by the deadline, and accordingly, the undersigned now **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** Taddeo-Waite's claims against Musk without prejudice.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

The deadline for Taddeo-Waite to comply with the Court's order has expired. To date, Taddeo-Waite has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to properly serve Musk or communicate with the Court about his case. Because Taddeo-Waite has not properly served Musk in accordance with Federal Rule of Civil Procedure 4 despite an order extending the deadline to do so until May 29, 2026, this case is subject to dismissal for failure to timely serve Defendant Musk with process as Rule 4 requires and for failure to comply with a court order and lack of prosecution under Rule 41(b).

Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DISMISS** Plaintiff's claims against Musk for failure to properly serve him under Rule 4, for not complying with a court order, and for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 4 and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within **fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto*

*Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28

U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

    **SIGNED** on June 3, 2026.

                            Hal R. Ray, Jr.
                            UNITED STATES MAGISTRATE JUDGE